IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BAUTISTA CAYMAN ASSET COMPANY<br>Plaintiff,<br><br>v.<br><br>LYDIA ESPINAL RIVERA A/K/A LIDIA ESPINAL RIVERA A/K/A LYDIA ESPINAL COLLADO,<br>Defendant. | Civil No. 16-1672 (GLS) |

**OPINION AND ORDER**

Pending before the Court is Defendant Lydia Espinal Rivera's ("Defendant") Motion for Dismissal of Complaint at Docket No. 131. Plaintiff Bautista Cayman Asset Company ("Bautista") opposed at Docket No. 136. Defendant replied at Docket No. 137. After considering the parties' submissions and the applicable law, Defendant's motion to dismiss is **DENIED**.

**I.     Standard of Review**

This is a collection of monies and foreclosure action where Defendant seeks dismissal for lack of jurisdiction and the enforcement of a forum selection clause. A complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure if, after considering the facts alleged by plaintiff in the most favorable light, the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). When considering a motion under Rule 12(b)(1), the Court's inquiry is whether a plaintiff's pleadings set forth sufficient allegations to establish subject matter jurisdiction. Reyes de León v. Coconut Prop., LLC, 546 F.Supp.3d 116, 121 (D.P.R. July 1, 2021) (citing Marrero v. Costco Wholesale Corp., 52 F. Supp. 3d 437, 439 (D.P.R. Oct. 7, 2014); Casey v. Lifespan Corp., 62 F. Supp. 2d 471, 474 (D.R.I. July 6, 1999)). "[T]he Court must construe the complaint liberally and the pleadings are to be taken as true, 'according the plaintiff the benefit of all reasonable inferences.'" Reyes de León, 546 F.Supp.3d at 121 (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). The burden of demonstrating the existence of federal jurisdiction rests on the party asserting it. Murphy, 45 F.3d at 522; Droz Serrano v. Caribbean Records, Inc.,

270 F.Supp.2d 217 (D.P.R. 2003). Federal courts have the duty to strictly construe jurisdictional grants. See e.g., Alicea Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. July 15, 1998).

In the First Circuit, a motion to dismiss based on a forum selection clause is considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citations omitted). To survive such a motion, a complaint must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007); Rodríguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007); Fed. R. Civ. P. 12 (b)(6). A claim is plausible when the facts alleged allow for "a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009). In considering a motion to dismiss under Rule 12(b)(6), the Court must accept the well-pleaded factual allegations in the complaint as true and resolve all inferences in favor of the plaintiffs. Mississippi Pub. Employees' Ret. Sys. v. Bos. Sci. Corp., 523 F.3d 75, 85 (1st Cir. 2008); ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008).

In evaluating motions under Rule 12(b)(1) and (b)(6), the Court may consider documentary evidence that has been fairly incorporated to the pleadings. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citations omitted); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (citations omitted). This includes documents as to which authenticity is not disputed, documents central to plaintiff's claims, documents sufficiently referred to in the complaint, and official public records. Id. (citations omitted); Rivera, 575 F.3d at 15 (citations omitted).

## II.    Discussion

### A.    The Forum Selection Clause in the Promissory Notes

According to allegations in the Complaint, Bautista claims to be the creditor of monies owed by Defendant under a Loan Agreement (Docket No. 9-1), and that the amounts owed are evidenced by two promissory notes which have been endorsed to Bautista (Docket Nos. 9-2 and 9-3). Defendant argues that both promissory notes contain a forum selection clause that warrants that this case be brought before the Puerto Rico Court of First Instance and not before this District Court. The forum selection clause in both documents reads as follows:

> In case a judicial action were necessary for the collection of this obligation, the Debtor submits to the competency and jurisdiction of the courts of the Commonwealth of Puerto Rico chosen by the holder, and shall additionally pay the holder a sum equivalent to ten percent (10%) of the balance of the principal of this promissory note owed at the time of the claim, by way of indemnity to respond to

> costs, expenses, and attorney's fees, said sum being liquid and demandable in its totality by the mere fact of the judicial claim, and even if the proceedings are followed in default.

Docket Nos. 9-2 at p. 2 and 9-3 at p. 1.

A threshold question is whether the forum selection clause is mandatory or permissive. Rivera v. Kress Stores of Puerto Rico, Inc., 30 F.4th 98, 103 (1st Cir. 2022); Rivera, 575 F.3d at 17. If a clause is deemed to be mandatory, there is a presumption that it should be enforced and the party resisting enforcement has the burden of establishing that enforcement is unreasonable and unjust or that the clause is invalid for reasons of fraud of overreaching. Rivera, 575 F.3d at 18. A clause is deemed mandatory when the parties select one forum to the exclusion of another. Kress Stores, 30 F.4th at 103; Rivera, 575 F.3d at 17; Redondo Const. Corp. v. Banco Exterior de Espana, S.A., 11 F.3d 3, 5-6 (1st Cir. 1993); Claudio-De León v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014). A clause is permissive if it can be deemed that the parties agreed to confer jurisdiction to one forum (authorized or consented to jurisdiction in one forum) without excluding or prohibiting another. Kress Stores, 30 F.4th at 103; Rivera, 575 F.3d at 18; Redondo Const. Corp., 11 F.3d at 5-6; Claudio-De León, 775 F.3d at 46.

Defendant agreed to submit herself "to the competency and jurisdiction of the courts of the Commonwealth of Puerto Rico" in any collection action that may ensue. Nothing in the language of the clause suggests exclusivity to a designated forum. There is also no indication that the parties agreed to exclude litigation in this District. Noticeably missing from the clause are words typically associated with a mandatory clause such as "shall" or "must". Claudio-De León, 775 F.3d at 47; Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 389 (1st Cir. 2001). Defendant argues that because the clause provides that the debtor submits to the jurisdiction of the courts of the Puerto Rico "chosen by the holder," the clause must be mandatory. Docket No. 131 at p. 5. But there is nothing in the language of the clause to support that assumption. On the contrary, the fact that the parties agreed for the "holder" to make the ultimate choice is evidence that the parties were not bound to one forum to the exclusion of others but that a choice of forum by the holder was contemplated. This indicates permissiveness.

Defendant's argument that the clause is mandatory because it contemplates the specific action at issue ("judicial action […] for the collection of this obligation") is contrary to the conclusion of this District Court in very similar cases. This District Court has deemed almost

identical clauses permissive and has rejected dismissal on those grounds. See e.g., Bautista Cayman Asset Co. v. The Ferrer Grp., Inc., 2016 WL 1642630, at *4 (D.P.R. Apr. 25, 2016) ("[i]n case of any litigation regarding this Agreement, the LOAN, or other documents regarding the same, the parties submit to the jurisdiction of the General Court of Justice of Puerto Rico" permissive); Bautista Cayman Asset Co. v. Maeso-Ensenat, 2017 WL 1247879, at *2 (D.P.R. Mar. 30, 2017) ("In case of any litigation arising in relation to this contract, to the Loan or the other documents related to it, the parties submit themselves to the jurisdiction of the General Court of Justice of Puerto Rico" permissive); Bautista Cayman Asset Co. v. Fountainebleu Plaza, S.E., 999 F.3d 33, 35 (1st Cir. 2021) ("[i]n the event of any litigation that arises in connection with this contract, with the Loan, or with the other documents connected hereto, the parties submit to the jurisdiction of the General Court of Justice of Puerto Rico" permissive). First Circuit precedent in Autoridad de Energía Eléctrica de Puerto Rico v. Ericsson, 201 F.3d 15, 18 (1st Cir. 2000), also supports the conclusion that the language in the clause is permissive. See id. (when parties agree to submit to jurisdiction of the Commonwealth of Puerto Rico, such a clause is a consent to personal jurisdiction and a permissive forum selection clause); Kress Stores, 30 F.4th at 104 (agreement or consent to submit to a specific jurisdiction in a contract is a permissive forum selection clause). The forum selection clause in the promissory notes is permissive and dismissal of the complaint on this basis is unwarranted.[1]

### B.    Bautista's Standing to Sue

Defendant argues that Bautista is not the holder of the promissory notes with a right to enforce the notes because Capital Crossing Inc. ("Capital Crossing") is Bautista's service agent.[2] This argument lacks merit. As alleged by Bautista and as evidenced by the two promissory notes submitted by Bautista in support of this collection and foreclosure action (Docket Nos. 9-2 and 9-3), the promissory notes have been endorsed, and are now payable, to Bautista. There is no dispute as to the authenticity of the promissory notes. Docket No. 138-2. It follows that Bautista is the

---

[1]    Defendant refers to the forum selection clause in the Loan Agreement in support of her argument. But that clause provides that the debtor agrees to submit to the Puerto Rico state courts or this federal District Court. Docket No. 9-1. The forum selection clause in the Loan Agreement does little to help Defendant's plight. That clause, the language of which is also permissive, supports the conclusion that the parties to the loan documents intended to have the debtor agree to submit to the jurisdiction of the courts of Puerto Rico without excluding this District Court.

[2]    Defendant initially argued that dismissal was warranted for lack of indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Defendant later withdrew that argument. See Docket No. 137 at ¶ 56.

"holder" in possession of those notes. See 19 P.R. Laws. Ann. §§ 451(20), 503. Bautista can seek enforcement of the notes. See id. at §§ 553-555, 601. As decided previously in this District Court, Capital Crossing as service agent of Bautista has no independent interest in this collection and foreclosure action. Only Bautista does. See e.g., Bautista Cayman Asset Co. v. Evangelista, 2017 WL 3309685, at *1–2 (D.P.R. Aug. 2, 2017); Bautista Cayman Asset Co. v. J.A.M.A. Dev. Corp., 322 F. Supp. 3d 266, 272 (D.P.R. July 16, 2018) (notes endorsed to Bautista, Bautista in possession of notes).

### C. The Court's Jurisdiction over Bautista's Claims

Citing to a decision of the Puerto Rico Court of First Instance in Spanish[3], Defendant posits that this Court lacks jurisdiction to adjudicate Bautista's claims. Defendant's logic is that Bautista has no minimum contacts or business ties to Puerto Rico and is thus barred from availing itself of the Court's diversity jurisdiction. This Court has diversity jurisdiction under 28 U.S.C. § 1332 when complete diversity exists between the parties and the claim in controversy exceeds $75,000. Stewart v. Tupperware Corp., 356 F.3d 335, 337 (1st Cir. 2004). As asserted in the affidavit submitted in support of this action, Bautista is a citizen of the Cayman Islands and Texas. Docket No. 138-2; 28 U.S.C. § 1332(c)(1) (a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business […]"); see Bautista Cayman Asset Co. v. The Ferrer Grp., Inc., 2016 WL 1642630, at *3 (concluding that, for jurisdictional purposes, Bautista had dual citizenship as a corporation of the Cayman Islands and citizen authorized to do business in Texas). Having pled (and as evidenced by the promissory notes) that the amount in controversy exceeds the jurisdictional minimum, this Court has jurisdiction to adjudicate Bautista's claim against Defendant. Id.; see also Triangle Cayman Asset Co. 2 v. Empresas Omajede, Inc., 2019 WL 1499331, at *3 (D.P.R. Apr. 3, 2019); Roosevelt REO PR, Corp. v. Silva-Navarro, 2020 WL 1493904, at *3–4 (D.P.R. Mar. 25, 2020).

---

[3] Defendant did not submit the English translation. The Court cannot consider its content. See District of Puerto Rico Local Rule 5(c); Roldán-Corcino v. Guerrero-Rodríguez, 2013 WL 12406628 *3 n.1 (D.P.R. July 8, 2013) (string citations of First Circuit opinions finding that District Courts are not to consider documents submitted in Spanish without an English translation).

<u>Bautista Cayman Asset Corp. v. Lydia Espinal Rivera</u>
Civil No. 16-1672 (GLS)

### III. Conclusion

For the reasons discussed above, Defendant's motion to dismiss at Docket No. 131 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of September 2024.

<u>s/Giselle López-Soler</u>
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
